NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW J. KING, Plaintiff-Appellant, v. JAMES G. COX, et al., Defendants-Appellees. | No. 16-16725 D.C. No. 2:13-cv-02080-GMN-PAL MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted May 24, 2017**

Before:      THOMAS, Chief Judge, and SILVERMAN, and RAWLINSON, Circuit Judges.

Matthew J. King, a Nevada state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to a serious medical need. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2004).  We affirm.

The district court properly granted summary judgment for defendants Cox and Byrne because King failed to raise a genuine dispute of material fact as to whether the course of treatment chosen to treat his hepatitis C was "medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to [King's] health."  *Id.* at 1058 (citation and internal quotation marks omitted) (a difference in medical opinion does not rise to the level of deliberate indifference).

King's appeal of the denial of his motion for preliminary injunction is moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of preliminary relief would have no practical consequences, and the issue is therefore moot).

The district court did not abuse its discretion by denying King's motions for appointment of a medical expert and an investigator because King failed to show that these appointments were necessary.  *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (setting forth standard of review).

The district court did not abuse its discretion in denying King's motion for appointment of counsel because King did not show exceptional circumstances warranting such an appointment.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th

Cir. 2009) (setting forth standard of review and explaining the "exceptional circumstances" requirement).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**